## PAGE *v.* PITT.

The superior court has no jurisdiction to entertain an ordinary claim to a fund raised by a garnishment and which has been properly paid into a city court.

Argued December 7, 1899. — Decided January 26, 1900.

Levy and claim. Before Judge Lumpkin. Fulton superior court. March term, 1899.

*Lumpkin & Colquitt*, for plaintiff in error.
*Robert L. Rodgers*, contra.

COBB, J. Pitt obtained judgment against Mrs. Stiles in the superior court of Fulton county, and caused summons of garnishment to be issued thereon, directed to H. L. McKee and Mrs. Jessie McKee. The garnishees answered that at the time of the service of the summons they owed the defendant nothing, but that since the service they had become jointly indebted to her in the sum of five hundred dollars, which amount had been paid into the city court of Atlanta under a summons of garnishment served upon them prior to the service in this case. On October 8, 1897, the attorney for Pitt agreed in writing that the garnishees should answer instanter and pay the fund of five hundred dollars into the city court, because the first garnishment was returnable to that court, and that two hundred and fifty dollars of the amount might be withdrawn and paid over to the attorneys of Mrs. Stiles as their fees in the case where the recovery had been had against the McKees. On November 13, 1897, Mary J. Page filed in the superior court of Fulton county what purported to be an affidavit and claim bond; the affidavit setting forth that Pitt had obtained judgment in the superior court against Mrs. Stiles and had sued out summons of garnishment directed to the McKees, and that the garnishees had answered that they had paid into the city court of Atlanta five hundred dollars in answer to the summons of garnishment in the case pending in that court. The affidavit further set up that the money referred to in the answer of the garnishees was not the money of Mrs. Stiles, but was the money of Mrs. Page. There also appears in the record what purports to be a bond given by Mrs. Page to dissolve the garnishment in the superior court. This bond recites that two hundred and fifty dollars in the hands of the garnishees had been paid into the city court of Atlanta. When the claim case came on for trial in the superior court the presiding judge dismissed the claim. The claimant filed a bill of exceptions, assigning error upon the judgment of the court dismissing her claim, as well as on various rulings made at the trial.

Under the view we take of the case, it is unnecessary to deal with several of the questions presented in the record. The law authorizing a claim to be interposed to a fund which is brought

into court by a garnishment contemplates that such claim shall be filed in the court which has control of the fund. Civil Code, § 4720. At the time that Mrs. Page filed her claim in the superior court there was no fund in that court to which the claim could relate, and, by the agreement made with the attorney for the plaintiff in the garnishment proceeding in that court before the claim was filed, no such fund would ever reach that court. It would have been idle for the superior court to solemnly determine the title to this fund, when it had no power to carry into effect the judgment it rendered; the fund in controversy being, at the date that the claim was filed, under the exclusive jurisdiction of the city court. If the claimant desired to assert her title to the property by claim, it should have been filed in the court which had possession and control of the fund.

*Judgment affirmed. All the Justices concurring.*